UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES ANTHONY JONES,
    Plaintiff,

v.                                          Case No.:  1:23cv54/MW/ZCB

UNITED STATES OF AMERICA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has sued the United States of America for injuries suffered during a medical procedure at the Veteran Affairs (VA) Hospital in Gainesville, Florida. (Doc. 7). Presently before the Court is Plaintiff's First Amended Complaint and response to the Court's order to show cause. (Docs. 7, 10). Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his amended complaint. 28 U.S.C. § 1915(e). The Court believes dismissal is warranted for lack of jurisdiction.

##   I.      Summary of Plaintiff's Allegations

In his First Amended Complaint, Plaintiff alleges that he visited a doctor at the VA Hospital in Gainesville, Florida on June 24, 2022. (Doc. 7 at 4). During Plaintiff's medical examination, a sonogram revealed "650 ml of urine" in Plaintiff's bladder that required drainage. (*Id.*). Plaintiff was sent to the nurse's station for a urinary catheterization. (*Id*. at 4-5). Upon arriving at the nurse's station, Plaintiff requested that a male nurse (not a female) insert the catheter. (*Id*. at 5). Despite his request, a "white female nurse" inserted the catheter over Plaintiff's objections. (*Id*.). When Plaintiff insisted that a male nurse and not a female nurse insert the catheter, the female nurse "became angry." (*Id*. at 5-6). The nurse then "deliberately abused [Plaintiff] and used the catheter to inflict pain on [his] penis . . . when <u>she knew not to touch [him]</u> in the first place, and she didn't stop when [Plaintiff] questioned her . . . so at that time it became a racial situation because [of] her being a white female nurse and [Plaintiff] being a black male." (*Id.* at 6) (emphasis in original).

As a result, Plaintiff suffered "bleeding from [his] penis and also rectal bleeding." (*Id.*). He began to "scream and holler which prompted the doctor to come in [and Plaintiff] was taken by wheelchair to the emergency urology unit." (*Id.*). "The white female nurse's actions" allegedly caused Plaintiff "to suffer intense

bleeding, pain and scar tissue inside [his] penis" and led to an "infection" and "subsequent surgery to install a suprapubic tube." (*Id.*).

In his First Amended Complaint, Plaintiff alleges his injuries prevent him from ever being "intimate with [his] wife," and his "quality of life" has been "damaged." (*Id.*). Plaintiff has asserted three claims: (1) a constitutional rights violation "by the female nurse not granting [Plaintiff's] request for a male nurse"; (2) sexual assault and sexual harassment; and (3) "medical malpractice by an employee of the United States." (*Id.* at 7). For relief, Plaintiff seeks $2.5 million in damages. (*Id.*).

On July 26, 2023, the Court issued an order informing Plaintiff that it appeared his First Amended Complaint was subject to dismissal for, *inter alia*, a lack of administrative exhaustion. (Doc. 8). Plaintiff was ordered to either file a Second Amended Complaint that remedied the defects or a notice of voluntary dismissal by August 16, 2023. (*Id.* at 9). Plaintiff was warned that his failure to comply with the Court's order would result in a recommendation of dismissal of his case. (*Id.*). Nevertheless, Plaintiff failed to file a Second Amended Complaint or notice of voluntary dismissal by the deadline. The Court then issued an order requiring Plaintiff to show cause, if any, why his case should not be dismissed for failure to comply with an order of the Court. (Doc. 9). Plaintiff responded on September 1, 2023, by requesting an extension of time to file his Second Amended Complaint.

(Doc. 10). In the request, Plaintiff stated he was waiting to receive an administrative decision regarding his claims. (*Id.*).

## II. Discussion

Plaintiff's First Amended Complaint should be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claims under the Federal Tort Claim Act (FTCA). Plaintiff names the United States as the sole Defendant in this action. (Doc. 7 at 7). As a general principle, the United States "may not be sued without its consent." *United States v. Mitchell*, 463 U.S. 20, 212 (1983). The FTCA, however, is an example of the federal government consenting to be sued for certain types of actions. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674; *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1203 (11th Cir. 2008). The FTCA permits suits against the United States for common law torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1).

Before filing an FTCA lawsuit, an individual must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." *Smith v. United States,* 7 F.4th 963, 973 (11th Cir. 2021) (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.9). If the agency fails to make a final decision on a claim within six months after it was filed, it may be deemed a final

denial of the claim. 28 U.S.C. § 2675(a). Thus, "[b]efore instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed." *Turner*, 514 F.3d at 1200 (citations omitted). Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction.").

In the current case, Plaintiff has not alleged that he exhausted his administrative remedies as required by the FTCA. Indeed, Plaintiff has admitted in his response to the Court's show cause order that his administrative remedies have not yet been exhausted. (Doc. 10). Plaintiff's failure to exhaust his administrative remedies before filing this lawsuit deprives the Court of subject matter jurisdiction. *See id.*; *Martinez v. Martin,* 257 F. App'x 261, 264 (11th Cir. 2007) (per curiam) (affirming dismissal of unexhausted FTCA claims as "district court lacked jurisdiction to consider the claims."). Thus, dismissal is required.[1]

---

[1] Plaintiff has asked the Court to provide him with additional time to exhaust his administrative remedies. (*See* Doc. 10). The lack of exhaustion deprives this Court of subject matter jurisdiction. Thus, dismissal is required at this time and no extension will be granted. Dismissal would be without prejudice, which means that Plaintiff may file a new case upon the exhaustion of his administrative remedies.

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion to Extend Time to file a Second Amended Complaint (Doc. 10) be **DENIED**.

2. Plaintiff's case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 15th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

*See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (internal quotations omitted).